UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 100.8.225.223**,<br><br>    Defendant. | Civil Action No. 25-16121<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br><br>Hon. Cari Fais, U.S.M.J.<br><br>**OPINION** |

**CARI FAIS, United States Magistrate Judge**

Before the Court is a motion filed by Plaintiff Strike 3 Holdings, LLC ("Plaintiff") for leave to serve a third-party subpoena on Verizon Online LLC prior to the Rule 26(f) conference, pursuant to Federal Rule of Civil Procedure 26(d)(1) (the "Motion"). (ECF No. 5). This Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered Plaintiff's written submissions, and for the reasons set forth below, Plaintiff's Motion is **GRANTED.**

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff[1] is a Delaware limited liability company. (Complaint, at ¶ 11, ECF No. 1). It creates adult motion pictures. (*Id*. at ¶ 2). Plaintiff alleges that John Doe subscriber assigned IP address 100.8.225.223 ("Defendant") has committed copyright infringement by downloading 26 of Plaintiff's motion pictures using BitTorrent protocol. (*Id*. at ¶ 4). BitTorrent is a system designed to quickly distribute large files over the internet by connecting to the computers of other BitTorrent users to simultaneously download and upload files from and to other users. (*Id*. at ¶ 17). The identity of Defendant is currently unknown, except by the IP address. (*Id*. at ¶ 12).

---

[1] Plaintiff has filed over 1,000 of these types of cases in this District since 2017.

1

Plaintiff owns and operates infringement detection systems named "VXN Scan" and the "Cross Reference Tool." (*Id*. at ¶ 27). VXN Scan and Cross Reference Tool collectively determined that Defendant shared pieces of 26 digital media files that are identical or substantially similar to copyrighted works that Plaintiff owns. (*Id*. at ¶¶ 31, 41, 43, 44). Plaintiff alleges Defendant violated the Copyright Act, 17 U.S.C. §§ 106, 501.

Plaintiff filed its Complaint on September 30, 2025. (ECF No. 1). In the instant motion, Plaintiff seeks leave to serve a third-party subpoena on Defendant's internet service provider, Verizon Online LLC, prior to the Rule 26(f) conference to ascertain the name and address of the subscriber assigned to that IP address.

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," absent a court order. "Rule 26(d) does not set a standard for determining when expedited discovery should be permitted." *Strike 3 Holdings, LLC v. Doe*, No. 18-2674, 2020 WL 3567282, at *4 (D.N.J. June 30, 2020) (citing *Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, No. 13-4255, 2013 WL 4080648, at *1 (D.N.J. Aug. 13, 2013)). "Absent guidance from the rule itself, courts in this District have fashioned two standards for assessing whether expedited discovery is appropriate[.]" *Id*. One of those standards is the "good cause" test, which is often applied when courts are "faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases[.]" *Id*. at *4 (quoting *Modern Woman, LLC v. Does I–X*, No. 12-4859, 2013 WL 707908, at *2 (D.N.J. Feb. 26, 2013)). "Under the good cause test, whether to permit expedited discovery is decided by considering the totality of the circumstances and the balancing of the interests of the plaintiff and defendant." *Id*. "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding

party." *Malibu Media, LLC v. John Doe*, No. 16-0942, 2016 WL 952340, at *1 (D.N.J. Mar. 14, 2016) (citations omitted). A court should also consider "(1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner." *Strike 3 Holdings, LLC,* 2020 WL 3567282, at *4 (citing *Better Packages v. Zheng*, No. 05-4477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006)).

Plaintiff contends there is good cause to permit the issuance of a subpoena because: (1) it has made a *prima facie* showing of infringement; (2) the subpoena will aid in identifying the John Doe Defendant; (3) their request is narrowly tailored because it seeks only the name and address of the John Doe Defendant; (4) this information is crucial to Plaintiff's ability to serve Defendant with the Complaint; (5) there is no burden on the Defendant; and (6) there are no alternative methods available to identify the John Doe Defendant.

Having considered Plaintiff's application, the Court finds that good cause exists to permit limited discovery prior to the Rule 26(f) conference. This ruling is in line with the decisions of courts throughout this District that have found good cause to permit issuance of a third-party subpoena to an internet service provider to uncover the identity of a John Doe defendant in cases with similar facts filed by Plaintiff.[2] In this case, Plaintiff submitted this motion less than three weeks after the Complaint was filed. The request is narrowly tailored because it seeks only the name and address of the Defendant, located at the specified IP Address. The information sought is necessary to allow Plaintiff to identify the Defendant and serve an Amended Complaint. This discovery does not burden the Defendant—the

---

[2] *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 24-7300, 2024 WL 4045324 (D.N.J. Aug. 16, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 24-7223, 2024 WL 3841863 (D.N.J. Aug. 16, 2024; *Strike 3 Holdings, LLC v. Doe*, No. 24-6533, 2024 WL 3276949 (D.N.J. June 20, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 24-976, 2024 WL 1447172 (D.N.J. Mar. 6, 2024).

subpoena is directed to the internet service provider, not Defendant. Accordingly, Plaintiff is granted leave to serve Verizon Online LLC with a Rule 45 subpoena for the sole purpose of obtaining Defendant's name and address.

Nothing in this decision is intended to constitute a finding that the IP Address holder is responsible for the infringement. *See Strike 3 Holdings*, 2024 WL 1447172 at *2 ("The Court further recognizes that the IP account holder may not be personally responsible for the infringement, but the IP account holder might possess information that assists in identifying the alleged infringer, and thus the information is discoverable under the broad scope of Rule 26.").

### III.     CONCLUSION

The Court finds good cause exists to allow Plaintiff to serve a third-party subpoena on Defendant's internet service provider, Verizon Online LLC, to ascertain *only* Defendant's name and address. No other information shall be sought. Plaintiff shall attach a copy of the Court's Order to the subpoena.

For the foregoing reasons, Plaintiff's Motion is **GRANTED.** The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 5.

Dated: October 27, 2025

*s/ Cari Fais*
Hon. Cari Fais
United States Magistrate Judge

cc:     Hon. Madeline Cox Arleo, U.S.D.J.